ENRIQUE CASTRO-MARTÍNEZ, Petitioner and Appellant, v. JUAN G. GALLARDO, TREASURER, Respondent and Appellee.

No. 3347. Argued November 13, 1924.—Decided April 27, 1925.

1. MANDAMUS—REMOVAL FROM OFFICE—REINSTATEMENT IN OFFICE.—Mandamus does not lie to reinstate the petitioner in office when the petition shows that at a hearing there was not an absolute lack of evidence to justify the removal, but that he was removed on the weight given to the evidence by the official who ordered his removal.

2. ID.—ID.—ID.—Mandamus is not the proper proceeding for weighing the evidence introduced by the parties in order to decide whether it was sufficient to prove the charges preferred against the officer removed, it being a remedy only when there is absolutely no evidence to justify the removal.

First District Court of San Juan, Charles E. Foote, J. Judgment
for the respondent on demurrer in mandamus proceedings.
*Affirmed.*

*Travieso & Iriarte* and *Leopoldo Feliú* for the appellant. The *Attorney General, C. Llauger Díaz* and *J. López Acosta* for the
appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant filed in the district court a petition for
a writ of mandamus commanding the Treasurer of Porto
Rico to reinstate the petitioner in the office from which he
was removed, but the court sustained the respondent's demurrer on the ground that the petition did not state facts
sufficient to constitute a cause of action and denied the
petition.

The allegations of the petition are substantially as follows: That the petitioner, Enrique Castro Martínez, was
chief of the internal revenue bureau of the Treasury Department of Porto Rico under the classified civil service
when he was suspended from office and salary because he
had been indicted by a grand jury for conspiracy; that
having been acquitted of the charge, he asked the Treasurer of Porto Rico to reinstate him in his office, but the
Treasurer refused to do so and presented charges for the
purpose of removing him; that one of these charges was
that he allowed to be taken away from the files of the
bureau under his immediate supervision certain documents
connected with the exportation of alcohol by The Porto
Rico Distilling Company of Arecibo without taking a receipt for the said documents, it being impossible, therefore,
to give notice thereof to the inspectors of accounts; that
another charge was that he prepared letters to be signed
by the Treasurer of Porto Rico, who did sign them, addressed to The Porto Rico Distilling Company of Arecibo
and relieving that company of the securities given, stating
that the company had complied with all statutory requirements when he knew that this was not true, and failing to

call the attention of the Treasurer of Porto Rico to the excessive leakage noted in the certificates so that he might demand other satisfactory evidence that the alcohol had been duly exported, as required by Bulletin No. 335 of August 3, 1914, the company thereby procuring the cancellation of the said securities at considerable loss to the Government of Porto Rico; that at the hearing in the presence of the petitioner the only evidence introduced by the Treasurer in support of the said charges was the affidavits of two persons to the effect that they had been unable to find the said documents in the files of the bureau of internal revenue after the petitioner had been suspended from office, and the Regulations of the Treasurer of Porto Rico governing the cancellation of securities given by distillers; that his removal was ordered on that evidence alone; that in opposition to the charges he showed that he had authorized nobody to deliver the said documents with or without receipt; that the documents were in the files of the bureau when he was suspended from office; that he could not be held liable for their subsequent disappearance; that he was not the file clerk of the Department, who is appointed by the Treasurer and would be responsible; that it was not proved that he was habitually negligent in the discharge of his duties; that the regulation referred to reads contrary to what the Treasurer alleges, for the Treasurer could not demand the additional evidence mentioned in the said charge if the certificates had been duly filled out and signed at the port of destination of the alcohol and presented; that he proved by his testimony and that of another person that the certificates were duly filled out and signed, for which reason there was no need for additional evidence in order to cancel the securities; that he showed by his testimony and that of José Benedicto, then Treasurer of Porto Rico, that he had given him notice of the leakage during exportation and, therefore, did not deceive him, and that inasmuch as the

Treasurer had full knowledge of the facts when he signed the letters, the petitioner can not be held responsible.

[1] The appellant being an employee included in the classified civil service, he could not be removed lawfully except for cause and for the good of the public service after preferring charges against him in writing, notifying him of them, giving him a reasonable time within which to answer them in writing and holding a short investigation if the Civil Service Commission or the interested person asked for it, or if the official making the removal should so order, as provided in article 7 of the Civil Service Regulations (Acts of 1907, p. 171). These requisites were complied with in this case and the only question is whether the petition is sufficient when it is alleged therein that the Treasurer did not prove the charges made against the petitioner for the reason that although he introduced two affidavits and a regulation in support of the charges, such evidence was not sufficient to prove them, and that the appellant offered his testimony and that of other persons to show that he was not an employee when the documents were found to have disappeared and that he informed the Treasurer who signed the letters about the leakage noted in the certificates and that the certificates were duly filled out and signed, for which reason the Treasurer could not require additional evidence under the said regulation.

[2] What has been stated shows that there was not an absolute lack of evidence for the removal of the appellant, but that he was removed on the weight given to the evidence by the chief who ordered his removal, and that it is sought to have the courts weigh the evidence introduced by both parties and decide whether it was sufficient to prove the charges preferred against the appellant; but in a case of this kind the courts can entertain mandamus only when there is absolutely no evidence.

For the foregoing reasons the judgment appealed from must be affirmed.